BRADLEY WINSLOW, assignee of NATHAN WHITING, a bankrupt, Respondent, *v.* JACOB BLISS, survivor, &c., Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, OCTOBER, 1870.)

An individual banker discounted a note belonging to, and indorsed to him by, a firm (his customer), and placed the avails to its credit; afterward when the liability of the firm as indorser had been fixed, and on the day before suspension of payment by the banker, he charged the note to its account, and thereby, excepting a small balance in the firm's favor, balanced its deposit account with him, and redelivered the note, which the firm accepted in satisfaction of its deposits.—*Held*, that the surrender of the note gave no preference to the firm, over other creditors of the banker, within the bankrupt act (section 35), and that his assignee in bankruptcy, proving these facts in an action to recover the face of the note from the defendant, as survivor of the firm, should have been nonsuited.

That the firm was entitled to have its deposits applied to the satisfaction of its liability upon the note under section 20 of the bankrupt law, which provides for the case of mutual debts, or mutual credits, and the parties having done precisely what the law would otherwise have compelled the plaintiff as assignee, &c., to do, there could be no recovery.

And that the fact, that the firm, after surrender to it of the note, succeeded in collecting the same from the maker, or a prior indorser, was not material in the action.

Winslow *v*. Bliss.

A motion for nonsuit upon the general ground that the plaintiff has made
out no cause of action, is sufficient, when clearly upon the whole case
no cause of action is proved, even if apparent that the moving party
misapprehends the true ground of his motion, and is relying upon
grounds wholly untenable.

THIS was an appeal from a judgment entered on the decisions of the court without a jury, in favor of the plaintiff.

The plaintiff sued as assignee in bankruptcy, after demand upon the defendant, to recover the amount of a note which his assignor had delivered to the firm of Bliss & Brown, of which the defendant was the surviving member. It appeared that the firm of Bliss & Brown kept an account with Whiting the assignor, who was an individual banker, and that the note in question was on the 19th December, 1867, charged to them upon the assignor's books, and delivered to them, and that Whiting suspended payment on the 20th December, 1868, and was declared a bankrupt. The material facts are stated in the opinion of the court.

Present—JOHNSON and TALCOTT, JJ.

*L. J. Dorwin*, for appellant.

*Hammond & Winslow*, for respondent.

By the Court—JOHNSON, J. The evidence given upon the trial on behalf of the plaintiff, to maintain his action, discloses' a most complete and perfect defence to it, and shows, beyond all doubt or controversy, that the plaintiff had no cause of action against the defendant whatever. From this evidence, it appears, that the note in question of G. H. and J. M Crandall, indorsed by Moses B. Pitcher, as first indorser, which is charged in the complaint to have been delivered to the defendant and his deceased partner, by the plaintiff's assignor, in contemplation of bankruptcy in payment and satisfaction of a demand which the defendant and his said partner had against said bankrupt's assignor, for the purpose

of giving them a preference and advantage over other credi-
tors of said bankrupt, and in fraud of the provisions of the
bankrupt law, was a note which the defendant and his said
partner had taken in the course of their business, and which
they had previously held and owned. That said note was
indorsed by them and transferred to and discounted by the
said assignor, and the avails placed to the credit of the defend-
ant and his said partner. That before the said note matured,
the makers and the first indorser failed. That when said
note matured, payment was duly demanded, and notice of
non-payment given to all the indorsers, and the liability of
the defendant and his said partner, upon the note thereby
fixed. That at this time, the defendant and his partner had
in the hands of said bankrupt and assignor of plaintiff, on
deposit an amount equal to the amount of said note and a
trifle in excess thereof. That the said bankrupt thereupon
charged the defendant and his said partner with the amount
of said note and fees for protest upon his books, which
balanced, or very nearly balanced the account, and gave the
note back to the defendant and his partner, who accepted the
same in satisfaction for their deposit in his hands.

All this appears clearly from the evidence introduced by
the plaintiff, and it is not disputed or contradicted by any
testimony in the case. Upon this state of facts it is entirely
clear that no cause of action was made out by the plaintiff
against the defendant.

The case did not come within section 35 of the bankrupt
act. The surrender of the note, under the circumstances,
gave no preference to the defendant and his partner over
other creditors of the bankrupt, fraudulent or otherwise. By
the application of their funds in the hands of the bankrupt,
to the payment and satisfaction of their liability upon the
note as indorsers, they obtained just what the law entitled
them to, and nothing more. There was, then, a mutual debt
and credit between them and their banker of equal amounts.
And by section 20 of the bankrupt act, under which this
action is sought to be maintained, it is provided " that in all

cases of mutual debts, or mutual credits, between the parties, the amount between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid." There was no balance against the defendant and his partner, but a small balance still in their favor, according to the facts found by the court in deciding the case. The note was for $400 only, and their credit was $403.99.

The parties thus did, by their own act, before any proceedings in bankruptcy had been instituted, precisely what the law would have compelled the plaintiff, as assignee, to do, had nothing been done by the parties, and the whole matter came to his hands, just as it stood before the demands were adjusted, and the note surrendered. Of course, there can be no recovery in such a case. The precise point upon which the case is thus made to turn seems to have escaped entirely the attention of the defendant and all the parties upon the trial. The attention of the court was in no way called to it, and the case was decided without any reference to it, and upon the other questions which were litigated. But the question is in the case and must be disposed of.

At the close of the evidence the defendant's counsel moved for a nonsuit upon the whole case, on the ground, as appears by the case, that the plaintiff had not made out a cause of action. The motion was denied, and exception was duly taken. No reason or grounds for the nonsuit were stated or pointed out, and the exception was general merely. But that is sufficient where it is clear from the whole case that no cause of action is made out by the evidence, even where it is apparent that the party moving for a nonsuit has misapprehended the true grounds of his motion, and is relying upon another ground wholly untenable. The plaintiff should have been nonsuited, and the exception to the refusal is well taken. This view obviates the necessity of considering the other questions raised by the appellant. The fact which is found, that the defendant and his partner, after the note was given up to them, succeeded in collecting it from the makers or the prior indorsee, is of no consequence whatever in this

action. When as indorsers they took up the note, they were entitled to it, and to their remedy over against the first indorser and the makers. They would have been equally entitled to it from the plaintiff had it gone into his hands, upon the payment thereof by them to him, or upon the adjustment of the mutual debts between them and the bankrupt, by him as assignee. The creditors of the bankrupt could have no interest in their remedy over, nor could they question the right of the indorsers to take up the note by payment or set off. The creditors of the bankrupt had no greater rights than the bankrupt himself had, as against the defendant and his partner. The judgment must, therefore, be reversed and a new trial ordered, with costs to abide the event.

The case having been tried before the presiding justice, he does not sit in the case.

Judgment reversed.